TOWN OF CLOVER, SOUTH CAROLINA, and Thomas T. B. Williams, Town Treasurer and Town Clerk of the Town of Clover, South Carolina, Appellants, v. CAROLINA & NORTHWESTERN RAILWAY COMPANY, Appellee.

No. 3314.

Circuit Court of Appeals, Fourth Circuit.
Nov. 23, 1932.

See, also, 34 F.(2d) 480; 46 F.(2d) 395.

Hart & Moss, of York, S. C., for appellants.

McDonald, MacAulay & McDonald, of Chester, S. C., F. G. Tompkins, of Columbia, S. C., and John B. Hyde, of Washington, D. C., for appellee.

PER CURIAM.
Case dismissed under Rule 20 by agreement of counsel.

TRACY TOWING LINE, Inc., as Owner of THE Steam Tug O'BRIEN SISTERS, Libelant-Appellant, v. THE Steam Tug MADISON, Her Engines, etc., The Delaware, Lackawanna & Western Railroad Company, Claimant-Appellee.

No. 296.

Circuit Court of Appeals, Second Circuit.
March 13, 1933.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

John E. Morrissey, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.
Decree affirmed.

UNITED STATES of America, Plaintiff-Respondent, v. Alfred B. ALFONSO, Defendant-Appellant.

No. 367.

Circuit Court of Appeals, Second Circuit.
March 20, 1933.

Arthur A. Kestler, of Brooklyn, N. Y., for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Louis Aldino, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.
Judgment of conviction affirmed.

UNITED STATES, Appellant, v. Francis M. DARRAGH, Appellee.

No. 4967.

Circuit Court of Appeals, Third Circuit.
Feb. 20, 1933.

Louis E. Graham, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and C. L. Dawson and Davis G. Arnold, both of Washington, D. C.

William Kaufman, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.
In this veterans' insurance case, recovery was had against the government, and the sole question before us on the latter's appeal is whether the court erred in refusing to give binding instructions in favor of the defendant. As no principle, practice, or precedent is involved, we limit ourselves to stating the evidence was such that the court committed no error in so refusing.

The judgment below is therefore affirmed.